IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL Y. JAMES, | ) | CASE NO. 5:16CV2040 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | ORDER ADOPTING REPORT |
| ADMINISTRATION, | ) | AND RECOMMENDATION |
| | ) | |
| Defendant. | | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. (ECF #19). Plaintiff, Crystal Y. James, hereafter "Ms. James," timely filed Objections to the Report and Recommendations on July 11, 2017. (ECF #20). The Report and Recommendation, issued on June 27, 2017, is hereby ADOPTED.

Ms. James filed a Complaint on August 16, 2016, requesting judicial review of the final decision of the Commission of Social Security denying her application for Social Security income ("SSI") and disability insurance benefits ("DIB"). (ECF #1). Ms. James alleged disabilities beginning in January of 2008 of chronic leg and knee pain, difficulty breathing, body pain, sleep apnea, chronic headaches and high blood pressure when she filed for SSI and DIB in February of 2013. (ECF #19, p. 1). Ms. James alleges in her Complaint that the decision of the Administrative Law Judge ("ALJ") was improper because there is "substantial evidence to support [her] claim to a period of disability, Disability Insurance Benefits and/or Supplemental Security Income." (ECF #1, ¶ 7).

On June 27, 2017, the Magistrate Judge issued her Report indicating that the ALJ properly considered the medical records and medical opinion evidence presented, and properly evaluated the evidence provided by the vocational expert. The Magistrate Judge also found that the ALJ properly evaluated James' credibility. (ECF #19). In her Objections, Ms. James argues that the ALJ failed to consider certain psychological records, misstated James' testimony regarding her ability to stand and/or walk for a specific period of time, disregarded James' testimony regarding her "obesity related limitation," and erred in finding James could "perform work at the light exertional level." (ECF #20).[1] The Magistrate Judge affirmed the Commissioner's report in its entirety, and this court adopts the Magistrate Judge's recommendations for the reasons set forth below.

I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a Magistrate Judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a Magistrate Judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[1] James also argues that the Magistrate Judge erred when she corrected the typographical error in the ALJ's report, wherein the ALJ wrote that he "considered Listing 3.10," which does not exist. The Magistrate Judge properly corrected the statement to indicate "Listing 3.09," (chronic pulmonary hypertension), which clearly relates to the medical testing at issue.

Accordingly, this Court will review the Report and Recommendation, to which Ms. James filed timely objections, *de novo*. *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

   II.   Analysis

As the Magistrate Judge stated in the report, this Court must affirm the findings of the Commissioner if it determines that the Commissioner applied the correct legal standards and has made findings of fact supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). This Court affirms the report for the following reasons.

The Magistrate Judge found that the ALJ properly found that James does not have a severe psychological impairment. (See ECF #19, pp. 20-22). The report outlines the findings that James waited years to seek counseling, was non-compliant with her medication, and primarily discussed physical, not mental, issues during her counseling sessions. Furthermore, this Court finds that the Magistrate Judge assigned the proper weight to the opinion evidence of the myriad health professionals who reviewed James' records, and those who treated and examined James. The Magistrate Judge outlines how this analysis was conducted by the ALJ for both Ms. James' psychological and physical treatment. (See ECF #19, pp. 27-29). As the Magistrate Judge explained: "[t]hat James disagrees with the ALJ's conclusions is not grounds for reversing the ALJ's decision." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

The Magistrate Judge also found that the ALJ did not err when evaluating whether James's obesity "met" or "equaled" the requirements of a disability listing when evaluated in combination with James' other alleged impairments. (ECF #19, pp. 22-27). The report outlines treatment notes

indicating that James' "obesity is likely to have adverse impact upon her co-existing impairments" and that "these considerations have been taken into account in formulating the claimant's residual functional capacity ("RFC")." (ECF #19, p. 25). However, as the report makes clear, these notes "are not evidence that James' obesity in combination with her other impairments meets or equals a [disability] listing, nor do they suffice as evidence that the ALJ's RFC assessment is erroneous." (ECF #19, p. 25). Again, disagreeing with the ALJ's conclusions does not warrant a reversal of the findings. *See Jones*, 336 F.3d at 477.

The Magistrate Judge also found that the ALJ properly evaluated Ms. James' credibility when comparing the medical records and treatment with Ms. James' subjective complaints and testimony. (ECF #19, pp. 29-30). This Court agrees. The ALJ's credibility determination about Ms. James is to be given great weight, since the ALJ, and not this Court, that is charged with observing her demeanor and credibility. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Jones*, 336 F.3d at 475. The ALJ's assessment of Ms. James' credibility is supported by substantial evidence, and therefore, will not be disturbed.

Finally, Ms. James' argues that the ALJ should have found her disabled and only capable of sedentary work under the Medical Vocational Grid Rule 201.14. (See ECF #19, p. 30). The Magistrate Judge's report points out that Ms. James describes no error regarding the vocational expert's opinion that she can perform jobs requiring light work with a "sit/stand at will option." (ECF #19, p. 30). The Magistrate Judge also found that the ALJ disregarded any insufficient testimony provided by the vocational expert relating to Ms. James' work abilities. Therefore, this Court adopts the Magistrate Judge's decision relating to Ms. James' vocational abilities.

    III.    Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo*, *see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions and filings of the parties. The Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, the findings of fact and conclusions of law set forth by the Magistrate Judge are ADOPTED in its entirety.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 27, 2017